Filed 9/6/16  P. v. Marshall CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE L. MARSHALL,<br><br>Defendant and Appellant. | B266898<br><br>(Los Angeles County<br>Super. Ct. No. NA094751) |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura Laesecke, Judge.  Reversed and remanded.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

In October 2013, as part of a plea agreement, defendant Dwayne L. Marshall pled no contest to a felony charge of drug possession (Health & Saf. Code, § 11377, subd. (a)) and admitted serving seven prior prison terms (Pen. Code, § 667.5, subd. (b)), in exchange for dismissal of a felony first degree residential burglary charge (Pen. Code, § 459) and an 11-year prison sentence. A little more than a year later, California voters passed Proposition 47 ("The Safe Neighborhoods and Schools Act"; Pen. Code, § 1170.18), which reduced certain theft- and drug-related felonies to misdemeanors. Defendant petitioned under Proposition 47 to recall his sentence and have his felony drug possession conviction reduced to a misdemeanor. The People opposed his petition, contending that resentencing would deny them the benefit of their plea bargain. The trial court in effect denied the petition, finding that if it were to grant the petition, defendant would have to withdraw his plea so as to permit the People to reinstate the dismissed burglary charge. Defendant declined to do so and brought this appeal. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, an information was filed charging defendant with first degree residential burglary (Pen. Code, § 459) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). It was also alleged that defendant had served several prior prison terms, and had suffered convictions for serious and violent felonies, three of which were "strikes." (Pen. Code, §§ 667.5, subds. (b), (c), 667, subds. (d), (b)-(j), 1170.12.)

Trial commenced on October 25, 2013. On October 29, 2013, defendant withdrew his guilty plea, entered a no contest plea to the drug possession charge, and admitted seven prior prison terms. On December 5, 2013, defendant was sentenced to a total term of 11 years in prison, consisting of four years for the drug possession and seven years for his prison priors. The burglary charge was dismissed according to the plea agreement.

On November 17, 2014, defendant filed a petition for modification of his sentence under Proposition 47, seeking to have his felony drug possession conviction reduced to a misdemeanor. On December 22, 2014, the People orally opposed the petition, on the basis that they would not receive the "benefit of the [plea] bargain," and insisted that if

2

defendant were granted Proposition 47 relief, he would have to withdraw his plea, and have the dismissed burglary charge reinstated. The court continued the hearing and ordered that defendant's case file be available at the next hearing.

On February 3, 2015, the People restated that they were "completely opposed [to Proposition 47 relief] and are prepared to retry [defendant] if he wants to withdraw his plea . . . ." The court expressed its view that defendant "is entitled to the benefits of Prop 47 which means the People are also entitled to the benefit of their bargain under the law, which means since he was charged with other counts, he can be – at this point in time since the People want to retry the case I will allow him to withdraw his plea, and People can re-try the case." After hearing additional argument, the trial court continued the hearing so the parties could file briefs addressing the issue.

On March 3, 2015, defendant filed his brief, arguing that plea agreements incorporate future changes in the law, and that there was no basis for withdrawal of the plea. On March 30, 2015, the People filed a motion to vacate the plea, and to reinstate all charges against defendant, in the event the court decided to grant the Proposition 47 petition. The People, relying on *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), argued that reducing defendant's conviction under Proposition 47 would provide defendant with a "windfall."

At the April 21, 2015 hearing, the court concluded that "this was a true negotiation where the People gave up the strike. [¶] And it seems to me to be something different than the other cases I have seen with Prop 47 where there are other counts and the D.A., for whatever reason, picks a meth case, but it's not a significant negotiation for something like a strike and to avoid a strike. [¶] And that is where this court is feeling that . . . I'm more inclined to follow *Collins* and to allow the defendant, if he still chooses to follow through with the Prop 47 petition, to allow him to withdraw the plea. [¶] . . . [¶] . . . [I]f [defendant] would like to continue forward his request under Prop 47, I would grant him the plea to withdraw his plea, putting both parties in the same position as they were before . . . ." The prosecutor proposed that defendant serve his sentence, and the People would not oppose a later application under Proposition 47 to

have his conviction reduced to a misdemeanor. Defense counsel requested a continuance to consult with defendant.

On August 17, 2015, at the hearing on the Proposition 47 petition, "defendant decide[d] not to withdraw his plea," and the petition was taken "off calendar."

On September 14, 2015, defendant filed a notice of appeal from the August 17, 2015 order. His notice of appeal also purported to "challenge[] the validity of the plea" and requested a certificate of probable cause. His request for a certificate of probable cause was denied by the court.

## DISCUSSION

### I. Appealability

The People contend this appeal must be dismissed because defendant neither obtained a final ruling on his petition for resentencing, nor obtained a certificate of probable cause. We find no merit in these contentions. A certificate of probable cause is not required to appeal post-plea matters that do not affect the validity of the plea, such as those raised on appeal here. (Pen. Code, § 1237.5; see also Cal. Rules of Court, rule 8.304(b)(4).) Moreover, the trial court effectively denied defendant's petition for Proposition 47 relief, when it conditioned Proposition 47 relief on the withdrawal of defendant's plea. Although the petition was placed "off calendar," this was done only after the trial court concluded that defendant's entitlement to Proposition 47 relief hinged on his willingness to withdraw his plea. This was clearly an adverse ruling, preserving defendant's appellate challenge. (See, e.g., *People v. Rowland* (1992) 4 Cal.4th 238, 259.)

### II. Merits

The parties do not dispute that defendant's drug possession conviction is eligible for resentencing under Proposition 47. (Pen. Code, § 1170.18, subd. (a).) The question is whether defendant's pursuit of Proposition 47 relief allows the People to withdraw from the plea agreement and reinstate the dismissed charge.

There is a split of authority among the Courts of Appeal on this issue, and it is currently pending before our Supreme Court. (See, e.g., *Harris v. Superior Court* (2015)

4

242 Cal.App.4th 244, 255, review granted Feb. 24, 2016, S231489 [holding that reduction of a plea-bargained felony charge under Proposition 47 deprives the People of the benefit of the plea bargain, entitling the People to withdraw from the plea and reinstate the previously dismissed charges]; compare with *People v. Gonzalez* (2016) 244 Cal.App.4th 1058, 1067, 1068-1071, review granted Apr. 27, 2016, S233219 [finding that plea agreements are subject to changes in the law which may modify or invalidate the terms of a plea agreement, and that in enacting Proposition 47, voters intended to affect the sentences of offenders notwithstanding that their convictions were by plea agreement, and that Proposition 47 provides no basis for reinstatement of dismissed counts]; accord *People v. Perry* (2016) 244 Cal.App.4th 1251, 1258, review granted Apr. 27, 2016, S233287 [same]; *People v. Brown* (2016) 244 Cal.App.4th 1170, 1179, review granted Apr. 27, 2016, S233274 [same].)

We find the reasoning in *People v. Gonzalez*, *supra*, persuasive. Plea agreements are deemed to incorporate future changes in the law. "[R]equiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement . . . ." (*Doe v. Harris* (2013) 57 Cal.4th 64, 73-74.) Proposition 47, by its terms, applies to "person[s] currently serving a sentence for a conviction, whether by trial or *plea* . . . ." (Pen. Code, § 1170.18, subd. (a), italics added.) Proposition 47 makes resentencing *mandatory*, if the defendant meets the statute's requirements. (§ 1170.18, subd. (b).) Relief may only be denied if an otherwise eligible defendant poses an "unreasonable risk of danger to public safety." (*Id.*, subd. (b)(3).)

Nothing in Proposition 47 provides a basis for the People to withdraw a plea agreement and reinstate dismissed charges. Respondent's reliance on *Collins*, *supra*, is misplaced. In that case, the defendant pled guilty, and before he was sentenced, the Legislature decriminalized the crime to which he had entered a plea. Nevertheless, the trial court sentenced defendant according to the negotiated plea. The Supreme Court reversed, finding the conviction was without legal basis, but remanded to allow the People to revive the dismissed charges, finding that "when the defendant withdraws his guilty plea or otherwise succeeds in attacking it, counts dismissed pursuant to a plea

5

bargain may be restored." (*Collins*, *supra*, 21 Cal.3d at pp. 211, 213, 215.) Here, defendant did not ask to withdraw his plea, and he has not attacked it; he has availed himself of a voter-approved mechanism for resentencing. Moreover, unlike the defendant in *Collins*, defendant's plea was final before Proposition 47 was enacted.

For these reasons, we find that the trial court erred in conditioning Proposition 47 relief on defendant's agreement to withdraw his plea. Defendant is eligible for recall of his sentence unless the trial court finds that resentencing defendant "would pose an unreasonable risk of danger to public safety." (Pen. Code, § 1170.18, subd. (b)(3).)

## DISPOSITION

The order denying the petition is reversed, and the matter is remanded to the trial court with directions to evaluate defendant's eligibility for Proposition 47 relief under Penal Code section 1170.18, subdivision (b)(3).


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.