Filed 9/26/16  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO PASCUAL MARTINEZ,<br><br>    Defendant and Appellant. | F071628<br><br>(Kern Super. Ct. No. DF011899A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Robert S. Tafoya, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Appellant/defendant Francisco Martinez filed a motion to reduce his felony conviction to a misdemeanor and for resentencing pursuant to Proposition 47.  The court denied the motion based on the circumstances of his prior plea agreement.  On appeal, his

---

[*] Before Kane, Acting P.J., Detjen, J. and Franson, J.

appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL HISTORY

As defendant notes, the record of conviction before this court does not state the factual basis for the charged offenses. The complaint alleged that on or about December 4, 2014, defendant possessed methamphetamine for sale and sold or transported methamphetamine.

At the hearing on defendant's petition pursuant to Proposition 47, the parties discussed the underlying offenses based on statements in the police report. The prosecutor stated defendant was found in possession of 14 grams of methamphetamine. Defendant also had $200 in counterfeit bills and over $900 in United States currency.[1]

### The charges

On or about December 8, 2014, a felony complaint was filed which charged defendant with count I, transportation or sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and count II, possession of methamphetamine for sale (Health & Saf. Code, § 11378). It was further alleged defendant had one prior strike conviction and two prior prison term enhancements.

### The plea proceedings

On December 19, 2014, Judge Tafoya convened a hearing and stated the parties had reached a disposition for the case. Robin Wolfe was the prosecutor, and defendant was represented by Killain Jones.

---

[1] We offer these statements simply to provide some background for the charged offenses, mindful that the record of conviction does not include generally include police reports. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521; *Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1060.)

The court granted the prosecutor's motion and amended the complaint to add count III, a felony violation of Penal Code section 476,[2] forgery based on making, passing, uttering, publishing, or possessing counterfeit bills.

Thereafter, defendant pleaded no contest to count III and admitted one prior strike conviction. The parties stipulated to a factual basis for the plea. The People moved to dismiss the remaining charges with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, to allow the court to consider the facts underlying the dismissed counts in determining sentence.

The parties stipulated defendant would be sentenced to an aggregate term of 32 months, based on the lower term of 16 months for count III doubled to a second strike term. Defendant stipulated that all funds seized from him would be subject to asset forfeiture. He also waived his right to request dismissal of his prior strike conviction.

As the court advised defendant of his constitutional rights and the terms of the plea, defendant said he understood that he was "going to do 32 months."

Thereafter, the court granted the People's motion to dismiss the remaining charges and allegations.

**Sentence**

On January 28, 2015, Judge Tafoya denied probation and sentenced defendant to the lower term of 16 months for count III, doubled to 32 months as the second strike term.

**PROPOSITION 47 PETITION**

On November 4, 2014, the voters of California enacted "The Safe Neighborhoods and Schools Act" (Prop. 47; § 1170.18), which went into effect the next day, before defendant entered into his plea. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 changed portions of the Penal Code to reduce certain theft-related offenses from felonies

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

or wobblers to misdemeanors when the value of the stolen property does not exceed $950. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089–1091.)

The initiative also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions amended by Proposition 47. (§ 1170.18, subd. (a).)

As relevant to this case, section 473 states the punishment for all acts of forgery, including a violation of section 476. Prior to the enactment of Proposition 47, section 473 classified a violation of section 476 as a wobbler offense, punishable as a felony or a misdemeanor. Section 476 was not specifically amended by Proposition 47. However, Proposition 47 amended section 473 and added subdivision (b), that a forgery offense relating to a check, bank bill or note, where the value does not exceed $950, is a misdemeanor. (§ 473, subd. (b); § 1170.18, subd. (a).)

**Defendant's petition**

On February 19, 2015, defendant filed a petition pursuant to Proposition 47, and asserted he had been convicted of a qualifying offense. Defendant requested the court reduce his felony conviction for violating section 476 to a misdemeanor, and to be resentenced accordingly.

**Hearings on defendant's petition**

On April 6, 2015, Judge Michael B. Lewis conducted a hearing on defendant's petition. Defense counsel advised the court that defendant entered his plea on December 19, 2014, after Proposition 47 was passed. Counsel argued section 476, forgery, was a qualifying offense. Counsel further stated there was no stipulation at the time of the plea that the conviction could not be reduced.

The prosecutor replied defendant waived the issue because the plea was negotiated after Proposition 47 was enacted.

Judge Lewis was concerned about the timing and terms of the plea agreement, and asked the parties to further look into the matter. The court continued the matter so the judge and the attorneys who participated in the plea could address the issue.

On May 7, 2015, Judge Tafoya convened the continued hearing on defendant's petition. Ms. Wolfe, the prosecutor who negotiated the plea, stated that defendant had faced a maximum term of 11 years four months on the original narcotics charges. She made the plea offer for 32 months because the prosecution's expert on drug sales was not available.

> "During the discussions with the offer, I spoke with [defense counsel] Mr. Jones. We both contemplated the charges. It was agreed between the parties that I would amend and add Count 3, which was the [section] 476 with the understanding that the false bills, which amounted to around $300 and the money that was seized off the defendant, which was over 900 would be the dollar amount that would be used for the [section] 476 so that it would remain a felony over the $950 limit."

The prosecutor stated they also stipulated that defendant would serve 32 months and waive a motion to dismiss his prior strike conviction.

The prosecutor admitted she failed to state this agreement on the record when defendant entered his plea. The prosecutor suggested defendant had two choices: He could move to withdraw his plea and the prosecutor would not object; or he could agree to "amend the record to reflect the dollar amount and the defendant will have to agree to that on the record and we would stay with the sentence that has already been imposed."

The court asked the prosecutor why defendant would want to withdraw his plea since that was the agreement. The prosecutor said defendant agreed to those terms. She was also concerned defendant could file a petition in the future to reduce his conviction to a misdemeanor, and it would be heard by another judge who might "not catch the circumstances in which the plea was taken."

The prosecutor stated that defendant could not seek relief under Proposition 47 because "it was contemplated by the parties that the disposition was going to result in a

5.

custody disposition of 32 months," and the parties understood the stipulated term of 32 months meant "it was going to be a felony."

Defense counsel stated he had conferred with defendant and advised the court:

"[Defendant] is not going to make a motion to withdraw his plea at this time. However, he does concede that the intention of the parties was that he would do a 32-month sentence. [¶] … [¶] I think that's all that's relevant and required by him to keep this plea in effect."

The court said that "the disposition will stand subject to some amendments to the record." The prosecutor asked the court to amend the record to show the amount in controversy exceeded $950, to avoid the possibility that defendant could file another petition for relief under Proposition 47 to reduce his felony conviction.

"We bargained for this to be a felony and stay a felony regardless of Prop 47 because the parties knew Prop 47 was … in effect. It's different than him coming in retroactively and asking for Prop 47 and getting the benefit of that. In this case, we knew it was there. The intent was that it would not apply. And to not amend would then allow the defendant a bargain to which he's not entitled …."

Defense counsel objected to such a stipulation. The prosecutor and defense counsel reviewed the police reports, and agreed that defendant was found in possession of two $100 counterfeit bills, and $939.19 in United States currency. The prosecutor stated that would be "over the $950."

The court asked whether defendant would stipulate that the amount in the case exceeded the threshold of $950. Defense counsel asked for time to confer with defendant. After a conversation, counsel advised the court that defendant would enter into the stipulation.

The court asked defendant if he stipulated the amount in the controversy exceeded $950. Defendant said yes.

The court made factual findings that the amount of the controversy was actually $1,139.14 and exceeded $950, and restated the terms of the plea agreement:

"[I]t was agreed upon between all the parties concerned that the defendant was pleading to a felony. It would not be reduced to a misdemeanor and he would be serving 32 months. And as a result … the district attorney's office dismissed Counts 1 and 2 and this was a benefit to [defendant] in that rather than facing exposure of 11 years 4 months, he got a 32-month disposition. It was to his advantage…."

On May 15, 2015, defendant filed a notice of appeal from the court's denial of his petition to reduce his conviction to a misdemeanor and resentencing.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 14, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION[3]

The judgment is affirmed.

---

[3] The California Supreme Court has granted review in a series of cases which address the following situation: the defendant entered into a plea agreement before Proposition 47 was enacted, and then files a petition for resentencing after its enactment; and whether the petition and resentencing violates the plea agreement and permits the People to withdraw from the plea agreement. (*Harris v. Superior Court* (2015) 242 Cal.App.4th 244, review granted Feb. 24, 2016, S231489; *People v. Gonzalez* (2016) 244 Cal.App.4th 1058, review granted Apr. 27, 2016, S233219; *People v. Brown* (2016) 244 Cal.App.4th 1170, review granted Apr. 27, 2016, S233274; *People v. Perry* (2016) 244 Cal.App.4th 1251, review granted Apr. 27, 2016, S233287.) In this case, however, defendant entered into the plea agreement after Proposition 47 was enacted, and agreed that the amount in controversy exceeded $950 in order to avoid the more serious sentence he faced under the original drug charges.