Filed 2/17/16

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063384 |
| v. | (Super.Ct.No. RIF1402316) |
| KAREN RENEE BROWN, | OPINION |
| Defendant and Respondent. | |


APPEAL from the Superior Court of Riverside County. Helios (Joe) Hernandez, Judge. Affirmed with directions.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Defendant and Respondent.


1

In accordance with a plea bargain, defendant Karen Renee Brown pleaded guilty to one count of receiving stolen property in violation of Penal Code[1] section 496, subdivision (a). The People dismissed two additional felony counts of receiving stolen property in violation of section 496, subdivision (a), and dismissed three felony counts of identity theft in violation of section 530.5, subdivision (a). The plea agreement anticipated defendant would serve two years in county jail. The trial court accepted defendant's plea and sentenced her to two years in county jail as recommended by the People. Shortly thereafter, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain property and drug offenses from felonies to misdemeanors and provides for resentencing of certain defendants currently serving felony sentences under prior law. Defendant promptly petitioned the trial court for resentencing. The trial court granted defendant's petition and resentenced her to 364 days in county jail.

In this appeal, the People contend the trial court erred by granting defendant's petition. According to the People, Proposition 47 should not be interpreted in a manner that permits a defendant to reap the benefit of a plea bargain entered into before Proposition 47 without serving the full sentence she agreed to. The People also argue defendant did not establish she is eligible for resentencing under Proposition 47. Defendant did not show she would have been guilty of a misdemeanor (and consequently she would have been subject to a sentence of no more than one year in county jail), had

---

[1] All additional statutory references are to the Penal Code.

Proposition 47 been in effect at the time of her offense, because under those circumstances the People would not have dismissed the felony counts that were left undisturbed by the voters. Finally, assuming this court rejects the first two arguments, the People contend defendant breached her obligation under the plea bargain to serve two years in county jail, and the People should be permitted on remand to withdraw from the plea bargain and reinstate the dismissed felony counts.

We affirm. Under the plain language of Proposition 47, certain felony convictions obtained by guilty plea are eligible for resentencing as misdemeanors. While we may be sympathetic with the People's assertion that our reading of Proposition 47 permits some defendants to obtain the full benefits of their plea agreements without fully performing their side of the bargain, nothing in defendant's plea agreement insulated it from changes in the law. We also conclude defendant met her burden of establishing eligibility for resentencing. The People do not contend defendant received property valued at more than $950, such that her conviction under section 496 is categorically ineligible for resentencing under Proposition 47, and defendant was not required to demonstrate the People would have offered her the same plea bargain had Proposition 47 been in effect when she committed her crimes. We also conclude the People are not entitled to withdraw from the plea bargain and to reinstate the dismissed counts because Proposition 47 had the limited effect of reducing defendant's sentence—she remains convicted. Finally, we direct the trial court on remand to either order defendant to serve a one-year term of parole as mandated by section 1170.18, subdivision (d), or to exercise its discretion to release defendant from parole.

3

# I.

## FACTS AND PROCEDURAL BACKGROUND

The People charged defendant by felony complaint with three counts of receiving stolen property (§ 496, subd. (a), counts 1-3), and three counts of identity theft (§ 530.5, subd. (a), counts 4-6). At her arraignment, defendant agreed to plead guilty to count 1 in exchange for the dismissal of counts 2 through 6 and a sentencing recommendation from the People of two years in county jail. Defendant pleaded guilty to count 1 and admitted to receiving stolen mail. The trial court found a factual basis for defendant's guilty plea and subsequently sentenced defendant to two years in county jail with 80 days of pretrial and good conduct credit.

One month after her sentencing, defendant filed a petition in the superior court requesting that she be resentenced to misdemeanor receipt of stolen property pursuant to Proposition 47. In response, the People requested a hearing to determine whether they could withdraw from the plea agreement with defendant. The People argued defendant was not entitled to resentencing under Proposition 47 because she agreed as part of her plea bargain to serve two years in county jail. Defendant, through her attorney, the public defender, replied the People could not withdraw from the plea agreement and reinstate the dismissed counts because a plea agreement incorporates and contemplates changes in the law, such as Proposition 47.

At the hearing, the prosecutor requested leave to withdraw from the plea bargain "because we didn't get the benefit of our deal." The trial court paraphrased defendant's argument as, "well, it wasn't her breaking the deal, it was the voters that did it." The trial

court responded to the prosecutor, "we have some analogies in Megan's Law and in three strikes and SVP, so, yeah, I realize sometimes the Legislature and voters change things up on the parties and we don't know which side it's going to affect . . . ." The court therefore granted the petition and resentenced defendant to 364 days in county jail and credit for time served.

The People timely appealed.[2]

## II.

## DISCUSSION

## A.

The voters adopted Proposition 47 on November 4, 2014, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently

---

[2] The People have no right to appeal in a criminal case except as provided by statute. (*People v. Williams* (2005) 35 Cal.4th 817, 822-823.) In its brief, the People contend its appeal is authorized by section 1238, which provides the People may appeal from a postjudgment order affecting its substantial rights and from an unauthorized sentence. (§ 1238, subd. (a)(5), (10).) We agree. Defendant does not challenge the People's right to appeal in this case, and she agrees this court, and not the superior court appellate division, is the appropriate appellate court to hear this appeal. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1093-1101 [conviction reclassified & resentenced under Prop. 47 remains a felony for purposes of appellate jurisdiction].)

5

serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

There is no dispute that a conviction for receiving stolen property with a value of $950 or less is now a misdemeanor, and that, unless otherwise disqualified, a defendant currently serving a sentence for such a conviction is eligible for resentencing under Proposition 47. (§§ 496, subd. (a), 1170.18, subd. (a).) The People do not contend defendant's conviction for receiving stolen mail in violation of section 496, subdivision (a), is categorically excluded for resentencing because, for example, the value of the property in question exceeded $950 or because defendant is otherwise disqualified or unsuitable for resentencing. (See § 1170.18, subds. (b), (c) [court may not resentence defendant if there is an unreasonable risk she will commit a new violent felony], (i) [excluding from resentencing defendants convicted of violent or serious felonies & defendants required to register as sex offenders].) Instead, the People contend defendant is ineligible for resentencing under Proposition 47 because she was convicted by guilty plea.

Whether Proposition 47 applies to defendants convicted by guilty plea is a question of statutory interpretation that we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters

6

intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

Section 1170.18 unambiguously applies to a defendant "currently serving a sentence for a conviction, whether by trial *or plea . . . .*" (§ 1170.18, subd. (a), italics added.) We are not the first court to address whether Proposition 47 applies to defendants convicted by guilty plea. The minor in *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*) was adjudged a ward of the juvenile court after admitting he received stolen property in violation of section 496. (*Id.* at p. 649.) When the minor petitioned for modification of his disposition, the prosecution argued Proposition 47 "does not apply to negotiated dispositions." (*Id.* at p. 650.) The juvenile court agreed with the prosecution and denied the minor's request. (*Id.* at pp. 650-651.) The minor thereafter petitioned the Court of Appeal for a writ of mandate. (*Id.* at p. 651.)

The appellate court concluded Proposition 47 "clearly and unambiguously" applies to convictions obtained by guilty plea. (*T.W.*, *supra*, 236 Cal.App.4th at p. 652.) The court stated the only categorical disqualifications found in the statute are for defendants convicted of serious or violent felonies, defendants required to register as sex offenders, and defendants who are found to pose an unreasonable risk of committing a new violent crime. (*Ibid.*) "The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner

7

because the conviction was obtained by plea agreement." (*Ibid.*)  The court also concluded its interpretation of section 1170.18 effectuated the intent of the voters to more wisely focus resources on violent and serious crimes.  (*Id.* at pp. 652-653.)  Therefore, the court concluded the minor was entitled to modification of his disposition, "notwithstanding the fact his conviction was obtained by a plea agreement."  (*Id.* at p. 653.)

The People urge us to disagree with *T.W.*, stating that decision focused solely on the text of section 1170.18 and failed to "address, or even acknowledge, the pre-existing, well-established law . . . that prohibits a court from altering the express terms of a plea agreement."  The People also contend the voters who adopted Proposition 47 are presumed to be aware of the existing law on plea agreements, and nothing in the text or legislative history of Proposition 47 indicates the voters intended to amend the general law on plea bargaining.  We are not convinced.

As the People contend, a negotiated plea bargain is a contract between a defendant and the prosecutor and, if accepted, its terms bind the parties and the trial court.  (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)  Although the trial court retains inherent sentencing discretion, it must impose a sentence within the bounds of the plea agreement. (*Id.* at p. 931.)  If the trial court disagrees with the terms of the plea agreement, it may reject it.  (*Id.* at pp. 931-932.)  However, once the trial court has accepted a plea and entered sentence, the material terms of a plea bargain may not be modified without both parties' consent.  (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

8

Although the parties and the trial court may not unilaterally alter the terms of a plea bargain, subsequent statutory enactments or amendments adopted by the Legislature or the voters exercising the initiative power may have the effect of altering the terms of the plea bargain. "[T]he general rule in California is that the plea agreement will be "'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .'" [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.) "[I]t is not impossible the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law. [Citation.]" (*Id*. at p. 71.) "Whether such an understanding exists presents factual issues that generally require an analysis of the representations made and other circumstances specific to the individual case." (*Ibid*.) Standing alone, however, "prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Ibid*.)

The People contend *Doe v. Harris* "explicitly does not apply to *express*, bargained-for terms of the plea agreement." After the briefing was completed in this case, the Second Appellate District, Division Five, issued its decision in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244 (petn. for review pending, petn. filed Dec. 28, 2015, S231489). There, a majority held Proposition 47 gives a defendant who

9

pleaded down to a lesser charge the option to seek resentencing, but if resentencing has the practical effect of fundamentally altering the character of the plea bargain, the People may reinstate the dismissed charges. (*Harris v. Superior Court*, at pp. 251, 255-256.) In reaching that holding, the majority concluded *Doe v. Harris* only applies to implied collateral consequences of a plea bargain and does not apply to integral, bargained-for terms of a plea bargain. (*Harris v. Superior Court*, at pp. 252-254.)

We respectfully disagree with our colleagues that *Doe v. Harris* is limited to collateral consequences of a plea bargain. The principle articulated in *Doe v. Harris* is that, unless the parties explicitly or implicitly agree otherwise, a plea bargain is vulnerable to future legislative amendment. (*Doe v. Harris*, *supra*, 57 Cal.4th at pp. 66, 71, 73-74.) The Supreme Court did not limit the rule to implied terms of a plea bargain, and we conclude it applies equally to bargained-for terms such as the two-year county jail term in this case. We agree with the dissent in *Harris v. Superior Court*: "There is no meaningful distinction in the context of this case between the 'statutory consequences' of a plea-agreed conviction as in *Doe* [*v. Harris*] and a negotiated term of a plea agreement. Both involve the consequences of the plea agreement and the conviction resulting from it." (*Harris v. Superior Court*, *supra*, 242 Cal.App.4th at p. 260 (dis. opn. of Mosk, J.).)

The People do not contend the plea bargain in this case included an express or implied provision that defendant's two-year sentence would be insulated from future legislative action, and we find no evidence to suggest otherwise. The mere fact defendant agreed to serve two years in county jail in exchange for the dismissal of more serious charges is insufficient evidence that she expressly or implicitly agreed her term of

10

incarceration would be insulated from legislative amendment.  Therefore, we conclude Proposition 47 applies to defendant's conviction by guilty plea.

B.

The People also contend the trial court erred by granting defendant's petition because she did not meet her burden of establishing she was eligible for resentencing under Proposition 47.  Section 1170.18 applies to defendants currently serving felony sentences "who would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense . . . ."  (§ 1170.18, subd. (a).)  According to the People, had defendant committed her offense after the enactment of Proposition 47, she would not have been guilty solely of a misdemeanor because any plea offer would not have included dismissal of the felony identity theft charges that are ineligible for resentencing under Proposition 47.  In support of this argument, the People argue Proposition 47 "necessarily requires the court to consider the underlying facts of a defendant's offenses, not simply the statute of conviction."  We disagree.

A defendant who files a petition under Proposition 47 bears the burden of establishing they are eligible for misdemeanor resentencing.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878-880.)  In a run-of-the-mill theft or receiving stolen property case, the defendant's burden will be to demonstrate the value of the property at issue did not exceed $950.  (*Id.* at pp. 879-880.)  Nothing in the text, legislative history, or spirit of Proposition 47 suggests a defendant convicted by guilty plea must also demonstrate she would have received the same plea offer had she committed her crime after passage of Proposition 47, and we decline to impose such a requirement.

11

Nor do we agree with the People that, when determining eligibility for resentencing under Proposition 47, the trial court must look to charges that were dismissed as part of the underlying plea agreement. Section 1170.18 addresses *convictions* for reclassified offenses that, had they been committed after Proposition 47 went into effect, would be punished as misdemeanors. (§ 1170.18, subd. (a).) "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)," to wit, whether the defendant was convicted of a reclassified crime. (§ 1170.18, subd. (b).) The trial court has discretion to consider the defendant's criminal history and the underlying facts of the case for the purpose of determining whether resentencing the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *id*., subd. (b)(3) [trial court may consider "[a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."].) But the trial court may not consider charges that were dismissed as part of a plea agreement to conclude a defendant with an otherwise eligible conviction is not, in fact, eligible for resentencing. (Cf. *People v. Berry* (2015) 235 Cal.App.4th 1417, 1425-1428 [trial court may not consider charges dismissed as part of plea bargain when determining eligibility for sentencing recall under Proposition 36 (§ 1170.126)].)

12

Because defendant's conviction is for an offense reclassified by Proposition 47, and there is no indication the property defendant received was worth more than $950, defendant satisfied her burden of demonstrating she was entitled to resentencing.[3]

C.

Last, we are not persuaded the People should be permitted on remand to withdraw from the plea bargain and reinstate the dismissed felony identity theft counts because defendant breached her side of the bargain. The decision in *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*) does not support the People's request. The defendant there pleaded guilty to one count of oral copulation in violation of former section 288a, in exchange for dismissal of multiple charges and dismissal of the allegation the defendant committed the oral copulation by means of force. (*Id*. at p. 211.) Before sentencing, the Legislature repealed former section 288a and enacted a new version of the statute that did not proscribe oral copulation between consenting adults. (*Ibid*.) The defendant objected to the trial court's jurisdiction to impose sentence because the crime to which he pleaded

---

[3] If the trial court grants a petition for resentencing under section 1170.18, subdivision (b), the defendant is "subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).) When it granted defendant's petition for resentencing, the trial court ordered defendant released and directed the clerk of the superior court to provide a copy of the minute order to the county jail. The court did not order defendant to serve a one-year term of parole or exercise its discretion to release her from parole, as mandated by section 1170.18, subdivision (d). We may correct an unauthorized sentence on our own motion, even in the absence of an objection in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) On remand, we will direct the trial court to either order defendant to serve a term of parole for one year or to exercise its discretion to release defendant from parole.

guilty had been repealed. The trial court overruled the objection and sentenced the defendant to one to 15 years in state prison. (*Id*. at pp. 211-212.)

The Supreme Court held the trial court erred by imposing a sentence because the conduct for which the defendant was convicted was no longer punishable. (*Collins*, *supra*, 21 Cal.3d at pp. 212-213.) With respect to a proper disposition, the defendant stated he had no intention of withdrawing from the plea, which might trigger the People's right to reinstate the dismissed counts, and instead suggested the court "not reverse his conviction but rather 'correct' the sentence to 'no penalty' . . . ." (*Id*. at p. 214.) Because "[a] conviction cannot stand on appeal when it rests upon conduct that is no longer sanctioned," the court concluded the proper remedy was to reverse the conviction with directions to dismiss the count on which the defendant was convicted. (*Ibid*.)

Next, the Supreme Court addressed whether the People could reinstate the dismissed counts on remand. "Critical to plea bargaining is the concept of reciprocal benefits. When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made." (*Collins*, *supra*, 21 Cal.3d at p. 214.) "The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment. . . . When a defendant gains *total relief from his vulnerability to sentence*, the state is substantially deprived of the benefits for which it agreed to enter the bargain. Whether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his escape from vulnerability to sentence that fundamentally alters the character of the bargain." (*Id*. at p. 215, italics added.) The defendant in *Collins* sought relief from the

14

unlawful conviction "but [to] otherwise leave the plea bargain intact. This is bounty in excess of that to which he is entitled." (*Id*. at p. 215.) Because the legislative amendment to former section 288a "destroy[ed] a fundamental assumption underlying the plea bargain—that defendant would be vulnerable to a term of imprisonment," the court held "[t]he state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*Ibid*.)

In *Harris v. Superior Court*, *supra*, 242 Cal.App.4th 244, the majority concluded *Collins* applies whenever a change in the law has the effect of depriving the People of the benefit of a plea bargain, whether the defendant's vulnerability to incarceration is eliminated entirely or merely reduced. (*Harris v. Superior Court*, *supra*, at pp. 250-251.) Because the resentencing in that case had the effect of reducing the defendant's potential sentence from six years in state prison to six months in county jail, which the majority concluded was a windfall to the defendant and deprived the People of the benefit of their bargain, the majority held the People could withdraw from the plea bargain and reinstate dismissed charges. (*Id*. at pp. 248, 250-251.)

Again, we must disagree with the majority in *Harris v. Superior Court.* Notwithstanding some broader language in *Collins*,[4] the holding in that case is limited: the People may withdraw from a plea bargain and reinstate dismissed charges only when a subsequent legislative change has the effect of eliminating entirely the defendant's conviction and vulnerability to incarceration, and, consequently, has the effect of entirely depriving the People of the benefit of their bargain. (*Collins*, *supra*, 21 Cal.3d at 215.) Because Proposition 47 does not have such an effect, *Collins* is inapplicable.[5] (*Harris v. Superior Court*, *supra*, 242 Cal.App.4th at p. 262 (dis. opn. of Mosk, J.) ["Unlike in *Collins*, petitioner here does not 'escape from vulnerability to sentence' [citation], for he remains convicted and his punishment is simply reduced."].)

Therefore, on remand, the People may not withdraw from the plea bargain and may not reinstate the dismissed counts.

---

[4] "'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning.' [Citation.]" (*People v. Jenkins* (2010) 50 Cal.4th 616, 684.)

[5] We also disagree with the decision in *In re Blessing* (1982) 129 Cal.App.3d 1026, which applied the reasoning of *Collins* to the judicial invalidation of firearm use enhancements, which the defendant admitted as part of his guilty plea. (*In re Blessing*, at pp. 1029-1031.) Not only did the defendant there remain convicted and vulnerable to a term of incarceration, we have serious doubts whether *Collins* should apply outside the context of *legislative* acts, which have the effect of invalidating convictions by guilty plea.

16

## III.

## DISPOSITION

The postjudgment order is affirmed.  On remand, the trial court is directed to order defendant to serve a term of parole for one year, unless in its discretion the court orders defendant released from parole.  (§ 1170.18, subd. (d).)

CERTIFIED FOR PUBLICATION


McKINSTER
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.