Filed 6/28/16  P. v. Wallace CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063760 |
| v. | (Super.Ct.No. RIF1203213) |
| DECHAWN LEWIS WALLACE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed.

Sarita Ordóñez, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren J.

Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Dechawn Lewis Wallace pleaded guilty to one count of receiving stolen property in violation of Penal Code section 496, subdivision (a) (all additional statutory references are to the Penal Code), and was sentenced to eight months in state prison to be served consecutively to a four-year sentence in another case. As part of his guilty plea, defendant executed a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*), which permitted the trial court to consider dismissed counts when determining sentence and victim restitution.

After the voters of this state adopted Proposition 47, the Safe Neighborhoods and Schools Act, defendant petitioned the superior court to reclassify his conviction in this case as a misdemeanor and to resentence him. Although the superior court concluded the value of the stolen property involved in the count to which defendant pleaded guilty did not exceed $950, the jurisdictional amount in question for misdemeanor receipt of stolen property under Proposition 47 (§ 496, subd. (a)), it denied the petition because, in light of defendant's *Harvey* waiver, the aggregate value of the property involved in all the counts charged in the complaint did exceed $950.

Defendant appeals, contending the superior court erred by aggregating the value of the property involved in all the counts for which defendant was charged when it denied the petition. The People concede the superior court was required to limit its inquiry into the value of the property involved in the offense for which defendant pleaded guilty, and that it erred by aggregating the value of the property involved in all counts charged in the felony complaint. The People request we reverse the order and remand for the superior court to determine whether defendant is eligible for resentencing under section 1170.18,

2

subdivision (b), in particular, to determine if defendant poses an unreasonable risk of danger to public safety. In addition, if the superior court grants the petition and resentences defendant, the People contend they are entitled to withdraw from the plea bargain and to reinstate counts that were dismissed as part of the bargain.

We agree with defendant and with the People that the superior court erred by denying defendant's petition and, therefore, we reverse the order. We also agree with the People that on remand the court may exercise its discretion to determine whether defendant should not be resentenced because he poses an unreasonable risk of danger to public safety. However, we conclude the People may not withdraw from the plea bargain and reinstate dismissed charges if the superior court resentences defendant.

I.

PROCEDURAL BACKGROUND

By felony complaint, the People charged defendant with one count of receiving a stolen credit card (§ 496, subd. (a); count 1), one count of receiving a stolen laptop computer (§ 496, subd. (a); count 2), and two misdemeanor counts of fraudulently using access card account information (§ 484g, subd. (a); counts 3-4). As part of a plea bargain, defendant pleaded guilty to count 1 and executed a "*Harvey* waiver." The trial court sentenced defendant to eight months in state prison to be served consecutively with a four-year prison sentence in case No. RIF1201005, and on the People's motion the court dismissed the remaining counts.

After the passage of Proposition 47, defendant filed a petition in the superior court requesting his conviction be reclassified as a misdemeanor and that he be resentenced. Using the mandatory form created by the superior court, defendant indicated he "believ[ed] the value of the . . . property [did] not exceed $950." In a form response, the People argued defendant was ineligible for resentencing under Proposition 47 because the value of the property exceeded $950. The court therefore set the matter for a hearing to determine the amount of the loss involved.

Before the hearing, the People filed a written opposition to the petition alleging the stolen credit card defendant admitted to receiving had a credit limit over $950 and, therefore, he was ineligible for resentencing under Proposition 47. In addition, the People argued that, if the superior court did grant defendant's petition, the People should be permitted to withdraw from the plea bargain and to reinstate the dismissed counts. In a bench brief, defendant argued the record did not support the People's assertion the value of the stolen credit card exceeded $950, and the People should not be permitted to withdraw from the plea bargain and to reinstate dismissed charges if the superior court were to grant defendant's petition.

At the hearing, the court asked the prosecutor whether the stolen property at issue was a credit card. The prosecutor responded affirmatively, and the court indicated its intention to "grant the petition based on the fact that the credit card balance limit is not a proof of over $950." When the court noted defendant had been ordered to pay victim restitution of $1,800, defendant's attorney explained defendant only pleaded guilty to receiving a stolen credit card and the restitution order likely took into account the value

4

of the stolen laptop computer involved in a dismissed count. However, counsel argued that, "[e]ven if the Court goes behind the record and looks at what the credit card was used for, it was $529 at a Wal-Mart." Based on the *Harvey* waiver, the court indicated the total value of the property involved exceeded $950. Defense counsel responded that dismissed counts "should not be used to determine what [defendant] actually pled to," and that the record clearly indicated the value of the stolen credit card did not exceed $950. The court found the value of the stolen credit card "is clearly under $950," but concluded defendant's *Harvey* waiver permitted it to consider the entire value of the property involved in the case. Therefore, the court denied the petition.

Defendant timely appealed.

## II.

## DISCUSSION

A.  *The Trial Court Erred by Considering the Value of Property Related to Dismissed Counts When Determining Eligibility for Resentencing Under Proposition 47*

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by

5

Proposition 47." (*Id.* at p. 1092.) If a defendant qualifies for resentencing under Proposition 47, the trial court shall recall the felony sentence and resentence the defendant to a misdemeanor unless it determines, in its discretion, the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *id.* subds. (b)(1)-(3) [listing factors to consider when determining dangerousness], (c) [defining "'unreasonable risk of danger to public safety'" as the risk of committing so-called "super strike" offenses defined in § 667, subd. (e)(2)(C)(iv)].)

One of the theft-related offenses amended by Proposition 47 and expressly governed by its resentencing provisions is receipt of stolen property. (§§ 496, subd. (a), 1170.18, subds. (a), (b).) "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, *if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year*, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 [i.e., so-called "super strikes"] or for an offense requiring registration pursuant to subdivision (c) of Section 290 [i.e., sex offender registration]." (§ 496, subd. (a), italics added.)

6

At the hearing on defendant's petition, the prosecutor essentially conceded, and the trial court expressly found, that the stolen credit card defendant admitted to receiving was valued at less than $950. There was no allegation in the trial court or on appeal that defendant has a disqualifying prior "super strike" conviction, that he is required to register as a sex offender, or that he poses an unreasonable risk of danger to public safety. The trial court's sole reason for denying the petition was that, in light of defendant's *Harvey* waiver, the total value of the property involved in this case exceeded $950. The People concede this was error, and we agree.

The type of aggregation employed by the trial court here was explicitly rejected in *People v. Hoffman* (2015) 241 Cal.App.4th 1304 (*Hoffman*). The defendant in *Hoffman* was charged, inter alia, with 18 counts of forging checks (§ 470, subd. (d)), but as part of a plea bargain she pleaded guilty to only seven counts of forging checks valued between $175 and $400. (*Id*. at p. 1307.) The remaining counts were dismissed and defendant entered a *Harvey* waiver, which "allowed the court to consider the facts underlying the dismissed counts 'in determining sentence.'" (*Hoffman*, at p. 1307.) After the passage of Proposition 47, which amended section 473 to provide that forgery of a check valued at $950 or less is a misdemeanor (§ 473, subd. (b)), the defendant petitioned to have her seven forgery convictions reclassified and resentenced as misdemeanors. (*Hoffman*, at p. 1308.) The trial court denied the petition, concluding the aggregate value of the seven forged checks exceeded $950 and, therefore, the defendant was outside the spirit of Proposition 47. (*Hoffman*, at p. 1308.)

7

The appellate court in *Hoffman* concluded the defendant satisfied the criteria for resentencing under section 1170.18 because she was currently serving sentences for forgery offenses in which the checks involved did not exceed $950 in value, and because she did not pose a risk of unreasonable danger to public safety. (*Hoffman*, *supra*, 241 Cal.App.4th at pp. 1309-1310.) The court also concluded section 473 does not authorize a trial court to aggregate the value of multiple forged checks when determining whether the offense is a felony or a misdemeanor. (*Hoffman*, at p. 1310.) Unlike section 476a, subdivision (b), which addresses passing checks with insufficient funds and provides for felony punishment if the "'total amount'" of the bad checks passed exceeds $950, "Section 473 does not employ this 'total amount' approach." (*Hoffman*, at p. 1310.)

Although the People conceded section 473 does not authorize aggregation, they argued the defendant's "*Harvey* waiver allowed the trial court to rely on facts underlying the dismissed forgery and grand theft counts to find that [defendant] is 'outside the spirit' of Proposition 47." (*Hoffman*, at p. 1311.) The court disagreed. "The *Harvey* waiver allowed the trial court to rely on facts underlying the dismissed counts to make whatever sentencing determinations were authorized under section 1170.18. But only two determinations were authorized by section 1170.18: (1) whether [defendant] meets the statutory criteria, and (2) whether [defendant's] resentencing would pose an unreasonable risk of danger of a super-strike offense." (*Hoffman*, at p. 1311; see *id*. at pp. 1308-1309.) In contrast with the three strikes law, which permits a court to strike a prior conviction if it finds the defendant falls outside the spirit of the law, "[t]hat is not the case with

8

Proposition 47.  The trial court may not refuse to reduce a defendant's sentence based on the court's notion of the statute's 'spirit.'"  (*Id*. at p. 1311.)

The reasoning in *Hoffman* applies equally here.  Section 496, subdivision (a), provides that receipt of stolen property is a misdemeanor if the value of the property does not exceed $950.  Like section 473, section 496 does not employ a "'total amount'" approach when determining whether receipt of stolen property is punishable as a felony or as a misdemeanor.  (*Hoffman*, *supra*, 241 Cal.App.4th at p. 1310.)  Because (1) the value of the stolen credit card defendant admitted to receiving did not exceed $950, (2) there is no indication defendant committed a prior super strike or is required to register as a sex offender, and (3) there is no evidence in the record defendant is likely to commit a super strike in the future, the trial court was not permitted to consider the facts of dismissed charges to determine whether defendant fell outside the "'spirit'" of Proposition 47.  (*Hoffman*, at p. 1311.)  Therefore, we must reverse the order denying defendant's petition.

Although we are unable to find anything in the record to indicate defendant might pose a risk of danger to public safety if he is resentenced, we agree with the People that on remand the trial court may, in its discretion, make such an inquiry.  (§ 1170.18, subd. (b).)  The People did not oppose the petition on the basis of dangerousness and the court did not consider the issue in the first instance.

9

B.      *The People Are Not Entitled to Withdraw from the Plea Bargain and to Reinstate Dismissed Charges if Defendant is Resentenced Under Proposition 47*

Although the People concede defendant's conviction for receiving stolen property qualifies for resentencing under Proposition 47, they contend such a resentencing would constitute a breach of the plea bargain on defendant's part, which entitles the People to withdraw from the plea bargain and to reinstate dismissed counts.  That issue is currently pending before the California Supreme Court.  (*Harris v. Superior Court* (2015) 242 Cal.App.4th 244, review granted Feb. 24, 2016, S231489; *People v. Gonzalez* (2016) 244 Cal.App.4th 1058, review granted Apr. 27, 2016, S233219; *People v. Brown* (2016) 244 Cal.App.4th 1170, review granted Apr. 27, 2016, S233274; *People v. Perry* (2016) 244 Cal.App.4th 1251, review granted Apr. 27, 2016, S233287; *People v. Garcia* (Feb. 5, 2016, E063383) [nonpub. opn.], review granted Apr. 27, 2016, S233171.)  We conclude the People may not withdraw from the plea bargain and reinstate dismissed charges.

Section 1170.18 unambiguously applies to a defendant "currently serving a sentence for a conviction, whether by trial *or plea . . . .*"  (§ 1170.18, subd. (a), italics added; see *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652 [concluding Prop. 47 "clearly and unambiguously" applies to convictions obtained by guilty plea].)  The only categorical disqualifications found in Proposition 47 are for defendants convicted of serious or violent felonies, defendants required to register as sex offenders, and defendants who are found to pose an unreasonable risk of committing a new violent crime.  (*T.W. v. Superior Court*, at p. 652.)  "The statute does not otherwise automatically

10

disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement." (*Ibid.*)

Relying on now-depublished authority, the People contend a stipulated prison term is a fundamental assumption of a plea bargain that is binding on a defendant, and misdemeanor sentencing under Proposition 47 would constitute a windfall to a defendant not contemplated at the time of the plea. Moreover, relying on *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), the People contend they are entitled to withdraw from the plea bargain and to reinstate dismissed charges because resentencing under Proposition 47 would have the effect of depriving the People of the benefit of their bargain. We disagree with both bases of the People's argument.

A negotiated plea bargain is a contract between a defendant and the prosecutor and, if accepted, its terms bind the parties and the trial court. (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.) Although the trial court retains inherent sentencing discretion, it must impose a sentence within the bounds of the plea agreement. (*Id.* at p. 931.) If the trial court disagrees with the terms of the plea agreement, it may reject it. (*Id.* at pp. 931-932.) However, once the trial court has accepted a plea and imposed sentence, the material terms of a plea bargain may not be modified without both parties' consent. (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Although the parties and the trial court may not unilaterally alter the terms of a plea bargain, subsequent statutory enactments or amendments adopted by the Legislature or the voters exercising the initiative power may have the effect of altering the terms of the plea bargain. "[T]he general rule in California is that the plea agreement will be

11

"'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .'" [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) "It therefore follows that 'requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction.'" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889, fn. 10, quoting *Doe*, at pp. 73-74.) "To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe*, at p. 74.)

"[I]t is not impossible the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law. [Citations.]" (*Doe*, *supra*, 57 Cal.4th at p. 71.) "Whether such an understanding exists presents factual issues that generally require an analysis of the representations made and other circumstances specific to the individual case." (*Ibid.*) Standing alone, however, "prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Ibid.*)

12

The People do not contend the plea bargain in this case included an express or implied provision that defendant's eight-month sentence would be insulated from future legislative action, and we find no evidence to suggest otherwise. The mere fact defendant agreed to serve eight months in exchange for the dismissal of additional charges is insufficient evidence that he expressly or implicitly agreed his term of incarceration would be insulated from legislative amendment.

Nor are we persuaded the People should be permitted on remand to withdraw from the plea bargain and to reinstate dismissed counts because resentencing defendant would deprive the People of the benefit of their bargain. The decision in *Collins*, *supra*, 21 Cal.3d 208, does not support the People's request. The defendant there pleaded guilty to one count of oral copulation in violation of former section 288a, in exchange for dismissal of multiple charges and dismissal of the allegation the defendant committed the oral copulation by means of force. (*Collins*, at p. 211.) Before sentencing, the Legislature repealed former section 288a and enacted a new version of the statute that did not proscribe oral copulation between consenting adults. (*Collins*, at p. 211.) The defendant objected to the trial court's jurisdiction to impose sentence because the crime to which he pleaded guilty had been repealed. The trial court overruled the objection and sentenced the defendant to one to 15 years in state prison. (*Id*. at pp. 211-212.)

The Supreme Court held the trial court erred by imposing a sentence because the conduct for which the defendant was convicted was no longer punishable. (*Collins*, *supra*, 21 Cal.3d at pp. 212-213.) With respect to a proper disposition, the defendant stated he had no intention of withdrawing from the plea, which might trigger the People's

13

right to reinstate the dismissed counts, and instead suggested the court "not reverse his conviction but rather 'correct' the sentence to 'no penalty' . . . ." (*Id.* at p. 214.) Because "[a] conviction cannot stand on appeal when it rests upon conduct that is no longer sanctioned," the court concluded the proper remedy was to reverse the conviction with directions to dismiss the count on which the defendant was convicted. (*Ibid.*)

Next, the Supreme Court addressed whether the People could reinstate the dismissed counts on remand. "Critical to plea bargaining is the concept of reciprocal benefits. When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made." (*Collins*, *supra*, 21 Cal.3d at p. 214.) "The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment. . . . When a defendant gains *total relief from his vulnerability to sentence*, the state is substantially deprived of the benefits for which it agreed to enter the bargain. Whether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his *escape from vulnerability* to sentence that fundamentally alters the character of the bargain." (*Id.* at p. 215, italics added.) The defendant in *Collins* sought relief from the unlawful conviction "but [to] otherwise leave the plea bargain intact. This is bounty in excess of that to which he is entitled." (*Id.* at p. 215.) Because the legislative amendment to former section 288a "destroy[ed] a fundamental assumption underlying the plea bargain—that defendant would be vulnerable to a term of imprisonment"—the court held, "[t]he state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*Ibid.*)

14

Notwithstanding some broader language in *Collins*, the holding in that case is narrow:  the People may withdraw from a plea bargain and reinstate dismissed charges only when a subsequent legislative change has the effect of eliminating entirely the defendant's conviction and vulnerability to incarceration and, consequently, has the effect of entirely depriving the People of the benefit of their bargain.  (*Collins*, *supra*, 21 Cal.3d at 215.)

If, on remand, the trial court grants defendant's petition, at most Proposition 47 would have the effect of reducing defendant's conviction to a misdemeanor and *potentially* reducing his term of incarceration.  We say resentencing could potentially result in a reduction in defendant's punishment because, even after the passage of Proposition 47, misdemeanor receipt of stolen property is punishable by incarceration in county jail for no more than one year.  (§ 496, subd. (a).)  Theoretically, the trial court could reclassify defendant's conviction as a misdemeanor and sentence him to the same eight-month term (cf. *People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702 ["[a]ppellant was not strictly 'resentenced' but, instead, ordered to serve the sentence originally imposed, two years' county jail"]), although the court may not resentence him to a longer term.  (§ 1170.18, subd. (e).)  And even if the trial court were to sentence defendant to a shorter term, defendant would not be completely insulated from punishment, and the People would not be entirely deprived of their bargain.  *Collins* is simply inapplicable here.

Therefore, on remand, the People may not withdraw from the plea bargain and may not reinstate dismissed counts.

### III.

### DISPOSITION

The order denying defendant's petition for resentencing is reversed.  On remand, the trial court may exercise its discretion to determine whether defendant poses an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (b).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.