Filed 8/19/16  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | C079480 |
| v. | (Super. Ct. No. SF127233A) |
| MARK SCOTT MOORE, JR., | |
| Defendant and Respondent. | |

Defendant Mark Scott Moore, Jr., pleaded no contest to felony possession of access card account information with the intent to defraud.  The trial court placed him on probation for five years.  Defendant subsequently filed a Penal Code section 1170.18[1] petition for resentencing pursuant to Proposition 47.  The trial court granted the petition,

---

[1]  Undesignated statutory references are to the Penal Code.

1

reduced his felony conviction to a misdemeanor, and resentenced him by denying probation and awarding credit for time served.

The People appealed, claiming (1) defendant's conviction for possession of access card account information with the intent to defraud pursuant to section 484e, subdivision (d) is not eligible for section 1170.18 resentencing, and (2) upon granting the petition, the trial court should have allowed the prosecution to withdraw from the plea agreement.

We agree with the People that defendant's conviction for possession of access card account information with the intent to defraud pursuant to section 484e, subdivision (d) is not eligible for section 1170.18 resentencing. Because we will reverse the trial court's orders for that reason, we will not address the People's second contention.

## BACKGROUND

Wendy Davis determined in 2013 that her ATM card was missing from her home. Defendant had rented a room from Davis and was later found in possession of the missing ATM card.

Defendant pleaded no contest to felony possession of access card account information with the intent to defraud. (§ 484e, subd. (d) -- count 2.) The trial court placed him on probation for five years.

Defendant subsequently filed a section 1170.18 petition for resentencing on his conviction. The trial court initially denied the petition, but after defendant filed a motion for reconsideration, the trial court granted the petition, reduced the section 484e, subdivision (d) conviction to a misdemeanor, and resentenced defendant by denying probation and awarding credit for time served.

## STANDARD OF REVIEW

Because this court and the Central California Appellate Project were unable to contact defendant, defendant is not represented by counsel in this appeal and did not file a respondent's brief. California Rules of Court, rule 8.220(a)(2) states this court "may

decide the appeal on the record, the opening brief, and any oral argument by the appellant." Nevertheless, the appellant bears the affirmative burden to show error whether or not the respondent's brief has been filed. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.) We examine the record and reverse only if prejudicial error is found. (*Ibid.*)

DISCUSSION

I

The People contend defendant's conviction for possession of access card account information with the intent to defraud pursuant to section 484e, subdivision (d) is not eligible for section 1170.18 resentencing. This issue is pending in the California Supreme Court. (See, e.g., *People v. Thompson* (2015) 243 Cal.App.4th 413, review granted Mar. 9, 2016, S232212; *People v. King* (2015) 242 Cal.App.4th 1312, review granted Feb. 24, 2016, S231888; *People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405.) In analyzing this issue, we will not discuss Court of Appeal decisions cited by the People if review of the decisions was granted after briefing in this case.

In interpreting a voter initiative "we apply the same principles that govern statutory construction" (*People v. Rizo* (2000) 22 Cal.4th 681, 685) and "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure. [Citations.]" (*In re Littlefield* (1993) 5 Cal.4th 122, 130.) " 'In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.' [Citation.] At the same time, 'we do not consider . . . statutory language in isolation.' [Citation.] Instead, we 'examine the entire substance of the statute in order to determine the scope and purpose

3

of the provision, construing its words in context and harmonizing its various parts.' [Citation.]  Moreover, we ' "read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' [Citations.]"  (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043.)

Section 490.2, subdivision (a) provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," subject to certain exceptions not relevant here.  Under section 487, grand theft is committed when, absent certain exceptions, "the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950)."  (§ 487, subd. (a).)  The exceptions are thefts of certain agricultural products exceeding $250, thefts from the person of another, and any theft of an automobile or firearm.  (§ 487, subds. (b)-(d).)  Thus, under Proposition 47, the thefts mentioned in section 487 are misdemeanors when the value of the property taken does not exceed $950.

Section 484e, subdivisions (a), (b) and (c) pertain to activity involving access cards, while section 484e, subdivision (d) pertains to the possession of account information.  Section 484e, subdivision (d) provides:  "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

Here, defendant was not convicted of unlawful activity involving an access card pursuant to section 484e, subdivisions (a), (b) or (c).  He was convicted of possession of access card account information with the intent to defraud.  Unlike sections 490.2 and 487, possession of access card account information with the intent to defraud involves criminal possession of information rather than theft of property with a quantifiable value.

4

The crime "does not require that the information actually be used or that the account of an innocent consumer actually be charged or billed." (*People v. Molina* (2004) 120 Cal.App.4th 507, 516 (*Molina*).)  There is a separate crime for fraudulently using an access card to obtain something of value, and that crime is subject to the $950 distinction between grand theft and petty theft.  (§ 484g.)  Accordingly, a defendant who possessed a victim's access card account information with the intent to defraud, and then used the victim's access card to fraudulently obtain less than $950 in goods, could be found guilty of petty theft under section 484g and grand theft under section 484e, subdivision (d). (See *People v. Smith* (1998) 64 Cal.App.4th 1458, 1471 [the § 484e, subd. (d) offense was necessarily completed before the defendant committed the attempted violation of § 484g by entering a store and trying to use an access card].)

Section 484e, subdivision (d) "was intended to protect innocent consumers from the injury, expense and inconvenience arising from the fraudulent use of their access card account information."  (*Molina, supra*, 120 Cal.App.4th at p. 516.)  This is not a crime covered by sections 490.2 and 487 because this crime involves the possession of information, not the theft of property with an ascertainable value.  We will reverse the trial court's orders.

## II

The People also contend that upon granting the petition, the trial court should have allowed the prosecution to withdraw from the plea agreement.  The contention is not forfeited because the prosecutor argued in the initial opposition to defendant's petition that granting the petition would deprive the People of the benefit of the plea agreement. However, because we will reverse the trial court's orders for the reasons explained in Part I, we will not address the People's second issue, which in any event is currently pending before the California Supreme Court.  (See, e.g., *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, review granted Feb. 24, 2016, S231489; *People v. Brown* (2016)

5

244 Cal.App.4th 1170, review granted Apr. 27, 2016, S233274; *People v. Perry* (2016) 244 Cal.App.4th 1251, review granted Apr. 27, 2016, S233287.)

DISPOSITION

The trial court's orders granting defendant's resentencing petition, reducing his felony conviction to a misdemeanor, and resentencing him to time served are reversed. The trial court is directed to enter orders reinstating defendant's felony conviction for possession of access card account information with the intent to defraud (Pen. Code, § 484e, subd. (d)) and the previously imposed order of probation.

                                                              /S/

                                                          MAURO, J.

We concur:

/S/
RAYE, P. J.

/S/
HOCH, J.